## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Iyana Ferguson | : |
| | : |
| Plaintiff, | :     Civil Action No.: 2:23-cv-03134-JMY |
| | : |
| v. | : |
| | : |
| City of Philadelphia, et al. | : |
| | : |
| Defendants. | :     JURY TRIAL DEMANDED |
| | : |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, IYANA FERGUSON'S AMENDED COMPLAINT

Defendants, City of Philadelphia (the "City"), Deputy Chief Scott Sladek, EMS Chief Martin McCall, and Lieutenant George Cuthbert (collectively, "Individual Defendants"), by and through their undersigned counsel, hereby respond to the Amended Complaint of Plaintiff, Iyana Ferguson ("Plaintiff") and asserts their Affirmative Defenses as follows:

## I.    INTRODUCTION

1.    Admitted that Plaintiff has brought this action for alleged monetary damages and other alleged appropriate relief to redress alleged violations by Defendants City of Philadelphia, Deputy Chief Scott Sladek, and Lt. George Cuthbert, rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania. Denied that Defendants have violated Plaintiff's rights and denied as to all other allegations.

2.    Admitted that Plaintiff brings this action under the Civil Rights Act, 42 U.S.C. §1981. Admitted that the Civil Rights Act prohibits discrimination on the basis of race, and retaliation by employers and any person because of complaints of race discrimination. Denied that the Plaintiff was subjected to arbitrary, malicious, reckless, improper, unlawful, willful, or

deliberate discrimination or retaliation by Defendants. Denied as to all other allegations. Admitted that Plaintiff also brings this action under Title VII of the Civil Rights Act 42 U.S.C. 2000e *et seq.* against the City of Philadelphia.

3. Admitted that Plaintiff alleges that this action also arises under the PHRA. Admitted that the PHRA prohibits discrimination on the bases of race and religion, and retaliation by employers and any person because of complaints of race and or gender discrimination. Denied that Plaintiff was subjected to arbitrary, malicious, reckless, improper, unlawful, willful and deliberate discrimination and retaliation by Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and so they are denied.

4. Admitted that Plaintiff alleges she brings this action under the Civil Rights Act, 42 U.S.C. Section 1983. Denied that Plaintiff's Constitutional and federal law rights have been violated by Defendants acting under color of state law.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

6. The document attached as Exhibit A to the Amended Complaint and the Notice of Right to Sue each speak for itself, and so this allegation is denied.

## II.    JURISDICTION

7. Admitted.

## III.    VENUE

8. Admitted.

## IV.    PARTIES

9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted that Individual Defendants, Chief Martin McCall, Deputy Chief Scott Sladek and Lt. George Cuthbert are supervisory Fire Officers who are employed with the City of Philadelphia Fire Department. Admitted that Plaintiff is suing the Individual Defendants in their individual capacities. Individual Defendants deny that they are individually liable for Plaintiff's alleged injuries. Denied as to all other allegations.

13.    Denied.

14.    Admitted that Plaintiff is employed by the City as an EMT. Admitted that Plaintiff was assigned to Medic 28, Engine 19, located at 300 East Chelton Avenue, Philadelphia PA. Denied that Plaintiff started working for the City on or about May 5, 2015. Plaintiff's date of appointment is May 4, 2015.

15.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

16.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

17.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

18.    Denied.

19.    Denied.

20.     Admitted that Defendant Sladek asked Plaintiff if she was aware of Directive 13 and Plaintiff responded that she was not. Denied as to all other allegations.

21.     Denied.

22.     Denied.

23.     Denied. It is specifically denied that Plaintiff was transferred out of the fire house the entire next tour following May 31, 2021.

24.     Denied.

25.     Admitted that Plaintiff's next day on tour was June 5, 2021. Denied as to all other allegations.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Admitted that on August 31, 2021, Plaintiff worked overtime at Medic 6 on the C platoon, located at 9839 Bustleton Avenue, Philadelphia. Denied as to all other allegations.

34.     Denied.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

38.     Admitted that Plaintiff then went inside the station and reported the incident to Lt. George Cuthbert. Admitted that Lt. Cuthbert made a phone call. Admitted that Lt. Cuthbert came back outside and told Plaintiff to go to Jeanes Hospital to decontaminate. Denied as to all other allegations.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

58.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

60.     It is specifically denied that Lt. Cuthbert used to harass Plaintiff when he used to be at Engine 19. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and so they are denied.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

64.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

65.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

66.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

67.    Denied.

68.    Denied.

69.    Admitted that Plaintiff was detailed to Medic 22 in September 2021. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and so they are denied.

70.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

71.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

72.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

73.    Denied. It is specifically denied that the detail of Plaintiff to another station in September 2021 was retaliation, harassment, or evidence of a hostile work environment.

74.    Denied.

75.    Denied. It is specifically denied that Plaintiff was subject to retaliation.

76.    Denied.

77.    Denied.

78.     Denied.

79.     Denied.

80.     Admitted that Plaintiff complained that Deputy Chief Scott Sladek subjected her to race discriminatory harassment and hostile work environment in her original Charge of Discrimination. Denied that Plaintiff's original Charge of Discrimination was filed on September 27, 2021.

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied that Plaintiff was subjected to a racially motivated harassment and hostile work environment, and retaliation by Defendants. Denied as to all other allegations.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

96.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

97.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and so they are denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

## V.    STATEMENT OF CLAIMS

**COUNT ONE- SECTION 1981 VIOLATION AND VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS VIA SECTION 1983 OF THE CIVIL RIGHTS ACT**

**Plaintiff v. Chief McCall, Deputy Chief Sladek and Lt. Cuthbert**

106.    Defendants incorporate the foregoing paragraphs as if the same were set forth at length herein.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

**WHEREFORE**, Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, including denying the claims in Count One with prejudice, and awarding Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT TWO - 42 U.S.C. §1983 VIOLATIONS - RETALIATION
### Plaintiff v. Chief McCall, Deputy Chief Sladek and Lt. Cuthbert

113.    Defendants incorporate the foregoing paragraphs as if the same were set forth at length herein.

114.    Denied.

115.    Denied.

**WHEREFORE**, Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, including denying the claims in Count Two with prejudice, and awarding Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT THREE - SECTION 1983 VIOLATION
### RACE AND GENDER DISCRIMINATION
### PLAINTIFF V. CITY OF PHILADELPHIA

116.    Defendants incorporate the foregoing paragraphs as if the same were set forth at length herein.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

**WHEREFORE**, Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, including denying the claims in Count Three with prejudice, and awarding Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT FOUR - SECTION 1983 VIOLATION-RETALIATION
## PLAINTIFF V. CITY OF PHILADELPHIA

127.    Defendants incorporate the foregoing paragraphs as if the same were set forth at length herein.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

**WHEREFORE**, Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, including denying the claims in Count Four with prejudice, and awarding Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT FIVE- PHRA VIOLATION
## RACE AND GENDER DISCRIMINATION
## PLAINTIFF V. ALL DEFENDANTS

136.    Defendants incorporate the foregoing paragraphs as if the same were set forth at length herein.

137.    Denied.

138.    Denied.

139.    Denied.

**WHEREFORE**, Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, including denying the claims in Count Five with prejudice, and awarding Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT SIX - PHRA VIOLATIONS – RETALIATION
## PLAINTIFF V. DEFENDANTS

140.    Defendants incorporate the foregoing paragraphs as if the same were set forth at length herein.

141.    Denied. Specifically, to the extent that Plaintiff alleges religious discrimination in violation of the PHRA, there are no factual allegations regarding same in this Amended Complaint.

142.    Denied.

143.    Denied.

**WHEREFORE**, Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, including denying the claims in Count Six with prejudice, and awarding Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT SEVEN-TITLE VII VIOLATION-RACE AND GENDER DISCRIMINATION
### Plaintiff v. City of Philadelphia Only

144.    Defendants incorporate the foregoing paragraphs as if the same were set forth at length herein.

145.    Denied.

146.    Denied.

**WHEREFORE**, Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, including denying the claims in Count Seven with prejudice, and awarding Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT EIGHT-TITLE VII VIOLATIONS - RETALIATION
### Plaintiff v. City of Philadelphia Only

147.    Defendants incorporate the foregoing paragraphs as if the same were set forth at length herein.

148.    Denied.

149.    Denied.

**WHEREFORE**, Defendants respectfully request that this Court enter judgement in their favor and against Plaintiff, including denying the claims in Count Eight with prejudice, and awarding Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury on all claims and issues so triable.

## GENERAL DENIAL

Defendants deny each and every allegation in Plaintiff's Amended Complaint not specifically admitted.

## DEFENDANT'S PRAYER FOR RELIEF

Wherefore, having fully answered and responded to the Amended Complaint, Defendants respectfully request that:

A.    Plaintiff's claims be dismissed with prejudice and in their entirety;

B.    Each and every prayer for relief in the Amended Complaint be denied;

C.    Judgment be entered in favor of Defendants;

D.    All costs, including reasonable attorney's fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws; and

C.    Defendants be granted such other relief as this Court may deem just and proper.

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter judgment dismissing Plaintiff's Amended Complaint, with prejudice.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses. Defendants reserve the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during discovery.

### First Affirmative Defense

The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims asserted in the Amended Complaint are barred, in whole or in part, by the applicable statute of limitations or other applicable rules, statutes, or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

### Third Affirmative Defense

Plaintiff has waived any and all alleged rights to the relief sought in the Amended Complaint.

### Fourth Affirmative Defense

Defendants acted at all times in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

### Fifth Affirmative Defense

Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory and/or retaliatory conduct in the workplace.

### Sixth Affirmative Defense

At all times relevant, Defendants had in place and continue to have in place policies expressly prohibiting all forms of discrimination and retaliation in the workplace. These policies

contain effective complaint procedures and non-retaliation provisions and are adhered to by Defendants. To the extent Plaintiff experienced or believes she experienced discrimination and/or retaliation of any kind, her claims are barred, in whole or in part, due to any unreasonable failure to avail herself of the preventative and remedial measures made available to her by Defendants.

## Seventh Affirmative Defense

Plaintiff's damages are reduced in whole or in part under the doctrine of after acquired evidence.

## Eighth Affirmative Defense

Plaintiff's damages may be barred by the doctrines of laches, waiver, estoppel, and unclean hands.

## Ninth Affirmative Defense

Plaintiff is not entitled to recover some or all of the damages alleged, including attorneys' fees.

## Tenth Affirmative Defense

Any alleged damages or losses, if any, were caused in whole or in part by Plaintiff's own acts, omissions, or conduct.

## Eleventh Affirmative Defense

Plaintiff failed, in whole or in part, to mitigate her damages.

## Twelfth Affirmative Defense

Defendants acted at all relevant times hereto with good faith and without any malicious intent and with reasonable justification for believing their actions were lawful.

## Thirteenth Affirmative Defense

Plaintiff's claims for punitive damages are barred because the alleged acts, occurrences, or omissions as alleged in the Amended Complaint fail to rise to the level required to sustain an award of punitive damages as they do not evidence willful, wanton, malicious, or reckless actions by Defendants.

## Fourteenth Affirmative Defense

There is no factual or legal basis for the imposition of compensatory relief.

## Fifteenth Affirmative Defense

There is no factual or legal basis for the imposition of punitive damages.

## Sixteenth Affirmative Defense

Any claims made herein for compensatory and punitive damages are barred and/or limited and subject to the ADEA and the PHRA.

## Seventeenth Affirmative Defense

Defendants are protected by the doctrine of sovereign immunity.

## Eighteenth Affirmative Defense

Defendants assert the Faragher-Ellerth Defense as they have exercised reasonable care in preventing and correcting any purported harassment and/or Plaintiff failed to avail herself to Defendant, the City of Philadelphia's employment policies.

## Nineteenth Affirmative Defense

Individual Defendants are protected by the doctrine of qualified immunity.

**WHEREFORE**, Defendants pray that the Court enter judgment in their favor and against Plaintiff, including denying all claims for equitable relief, and dismissing all claims with prejudice, and awarding defendants' attorneys' fees, costs, and any other relief the Court deems just and proper.

Respectfully submitted,

**PIETRAGALLO GORDON ALFANO BOSICK AND RASPANTI, LLP**

By:    */s/ Angela Lee Velez*
          Gaetan J. Alfano (32971)
          Christopher A. Iacono (202257)
          Angela Lee Velez (330160)
          1818 Market Street, Suite 3402
          Philadelphia, PA 19103
          *gja@pietragallo.com*
          *cai@pietragallo.com*
          *alv@pietragallo.com*
          (215) 988-1441 (Telephone)
          (215) 981-0082 (Telecopy)

Date: December 19, 2023

*Counsel for Defendants,*
*City of Philadelphia,*
*Deputy Chief Scott Sladek,*
*EMS Chief Martin McCall and*
*Lt. George Cuthbert*

**<u>CERTIFICATE OF SERVICE</u>**

I, Angela Lee Velez, Esquire hereby certify that on this 19th day of December, 2023, a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses To Plaintiff, Iyana Ferguson's Amended Complaint was served via ECF upon all parties of record.


*/s/ Angela Lee Velez*
Angela Lee Velez, Esquire

*8870014*